**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| RICHARD BERRYMAN, ) | |
| ) | |
| Movant, ) | Civil No. 11-0793-CV-W-DGK |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER DENYING MOVANT'S MOTION FOR POST CONVICTION RELIEF

Pending before the Court is Movant Richard Berryman's ("Berryman") Motion for Post-Conviction Relief pursuant to 28 U.S.C. § 2255 (Doc. 1). The Court has carefully reviewed this Motion and the Government's Response (Doc. 7), and for the reasons discussed below, this Motion is DENIED.

**Background**

On May 20, 2009, a federal grand jury returned a one-count indictment charging Berryman with the crime of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). On October 14, 2009, Berryman, without the benefit of a plea agreement, entered a plea of guilty to the charged offense. During the proceeding, in sworn testimony, Berryman admitted that he had a prior felony conviction but stated that when he possessed the firearms, he did not know that he was a convicted felon (Plea Transcript p. 9, 12). Berryman's attorney, Richard Jacoby, explained to the Court that Berryman, who had received a suspended *execution* of sentence, mistakenly thought he had a suspended *imposition* of sentence ("SIS"). After noting that he had researched the issue extensively, Mr. Jacoby informed the Court that the only issue under the statute was whether Berry was a felon and knowingly possessed firearms

and that it was irrelevant whether Berryman knew it was illegal for him to possess the firearms. (Plea Transcript p. 9-11).

On April 13, 2010, the Court sentenced Berryman to a 70-month term of imprisonment and three years' of supervised release. On April 13, 2010, the Court issued a signed judgment. Berryman did not appeal his conviction, and it became effective on April 27, 2010. On August 12, 2011, Berryman filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, raising one claim of ineffective assistance of counsel. The government opposes Berryman's motion as untimely.

**Standard**

Title 28, section 2255 allows a district court to "vacate, set aside or correct [a] sentence" which "the court was without jurisdiction to impose . . . or . . . was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Under the statute, there is a one-year statute of limitation for § 2255 motions. 28 U.S.C. § 2255(f). The one-year statue of limitations runs from the latest of the following: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. *Id*.

**Discussion**

**A. Movant's appeal was untimely and must be dismissed.**

Berryman's conviction became final on April 27, 2010. Therefore, under 28 U.S.C. § 2255(f)(1), Berryman had one year, until April 27, 2011, to timely file a § 2255 motion. Plaintiff, however, maintains that the motion was timely and that hard copies of the original motion and the Movant's affidavit were filed with the clerk's office prior to the end of the limitations period. As support for this contention, Berryman submits an affidavit stating that his current attorney, Phillip R. Gibson, advised him that an "affidavit" and "Rule 2255 motion was filed on or about April 16, 2011, but the Court did not receive it or has lost it if the Court did receive it." In Movant's reply brief, Gibson repeats this claim, however, he has not filed an affidavit to that effect, and there is no evidence that the Court has any record of an April 16, 2011 filing. Additionally, Berryman has offered no evidence to demonstrate that he or counsel made any effort to verify that the motion was timely filed or to ascertain why the Court has no record of an April 16, 2011 filing. Accordingly, the Court finds that Berryman failed to file his motion within the required one-year statute of limitations and has offered no evidence of special circumstances justifying a late filing. Therefore, Berryman's motion is dismissed as untimely. *See Campa-Fabela v. United States,* 339 F.3d 993, 993-94 (8th Cir. 2003) (affirming dismissal of untimely petition); *Moore v. United States*, 173 F.3d 1131, 1133-35 (8th Cir. 1999).

**B. The record contradicts Movant's claim that he was given ineffective assistance of counsel.**

Even had Movant's appeal been timely filed, his claim of ineffective assistance of counsel would fail because it is contradicted by the record. In making a claim for ineffective assistance of counsel, a movant must show that his "trial counsel's performance was so deficient

as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense." *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir. 1995) (quoting *Lawrence v. Armontrout*, 961 F.2d 113, 115 (8th Cir. 1992)). This analysis contains two components: a performance prong and a prejudice prong. Under the performance prong, the court must apply an objective standard and "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland v. Washington*, 466 U.S. 668, 690 (1984). The prejudice prong requires proof "that there is a reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

Berryman contends that he "had the absolute right to go to trial on the Government's charges" and that his attorney, Mr. Jacoby, mistakenly informed him that he had "no choice but to plead guilty to the charge" (Doc. 1). This claim is contradicted by the record of Berryman's change of plea hearing and by Mr. Jacoby's affidavit.

At his change of plea hearing on October 14, 2009, Berryman swore to the Court that he understood his right to plead not guilty and proceed to trial. He also swore that he was satisfied with the adequacy of Mr. Jacoby's representation. His sworn testimony was as follows:

> THE COURT: And that you have the right to plead not guilty and to persist in your plea of not guilty. You have a right to a jury trial, and you have a right to be represented by counsel, and if necessary have the Court appoint counsel. At trial in every stage of the proceeding you have a right at trial to confront and cross examine the witness – adverse witnesses to be protected from compelled self-incrimination, to testify and present evidence, to compel the attendance of witnesses, and that you're – by pleading guilty, if I accept your – your plea of guilty, you'll be waiving all of these rights. Do you wish to waive your rights here today?
>
> [BERRYMAN]: Yes.
>
> \* \* \*

THE COURT: If at any time during the course of my inquiry today, you don't understand something or you want to talk about something, you want to ask Mr. Jacoby or myself, would you stop me?

[BERRYMAN] Yes, sir.

THE COURT: And alert me to that?

[BERRYMAN]: Yes.

THE COURT: Because part of my job is to communicate here with you. All right Mr. Berryman?

[BERRYMAN]: Okay.

\* \* \*

THE COURT: All right. You understand that if this case went to trial, the government would have to prove these elements that we talked about beyond a reasonable doubt. And by pleading guilty you're relieving them of that burden. They don't have to prove anything at this point in time. There won't be a jury sitting over there in the jury box and they won't have to prove any of this. You're saying – you're relieving them of that duty by pleading guilty; right?

[BERRYMAN]: Yes, your Honor.

THE COURT: No trial; right?

[BERRYMAN]: Yes.

\* \* \*

THE COURT: And are you satisfied with his representation?

[BERRYMAN]: Yes, Your Honor.

THE COURT: Do you have any complaints about anything he did or did not do on your behalf?

[BERRYMAN]: No, sir.

THE COURT: Did he spend sufficient time with you to talk to you about your case, your options, your plea, your defense?

5

> [BERRYMAN]: Yes.
>
> * * *
>
> THE COURT: Has anyone threatened or abused you or your family to cause you to enter a plea of guilty?
>
> [BERRYMAN]: No, sir.
>
> THE COURT: This is all – this is a voluntary decision that you've made; is that right?
>
> [BERRYMAN]: Yes, sir.

(Plea Tr. 3-20.)

Berryman's claims are also contradicted by Mr. Jacoby's affidavit addressing Berryman's claims. In his affidavit, Mr. Jacoby swore to the following under oath:

> I explained to Mr. Berryman his options for resolving the case, including his right to a trial, multiple times. I never told Mr. Berryman that he could not have a trial in his case. After consulting with me, Mr. Berryman made the decision to enter a plea of guilty, absent a plea agreement with the government. Prior to Mr. Berryman's guilty plea, I explained his rights, including his right to a trial, and how he would be waiving them in order to enter a plea. I also had him review a guilty plea checklist which explained these rights. At the time of Mr. Berryman's guilty plea he was informed of his rights, including his right to a trial, by the judge, U.S. District Court Judge D. Gregory Kays. Mr. Berryman voluntarily entered a plea of guilty after being informed of his rights, including his right to a trial, multiple times by myself and by the Court.

Thus, it is clear from both the plea transcript and Mr. Jacoby's affidavit that Berryman was repeatedly informed by Mr. Jacoby and by the Court that he had the right to a trial, and that such rights would be extinguished by entering a plea of guilty. The record also establishes that Berryman was not forced to plead guilty and that he had plenty of time to have his questions answered by his attorney and this Court. Therefore, the Court find that Mr. Jacoby was not ineffective and that Berryman did understand that he had a right to a jury trial.

**C. No evidentiary hearing is required.**

"A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and the records of the case conclusively show that [he] is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks omitted). "No hearing is required, however, 'where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" *Id.* (quoting *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007)); *see also Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003) ("A § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." (internal quotation marks omitted)). No evidentiary hearing is required here because Berryman's motion is out of time and because it raises an issue that is contradicted by the record.

**D. The Court declines to issue a certificate of appealabiltiy.**

Berryman can appeal this Court's decision to the Eighth Circuit Court of Appeals only if this Court issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). Because Berryman's claim is contradicted by the record, and the merits of the claim are not debatable among reasonable jurists, this Court also declines to issue a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## Conclusion

For the reasons discussed herein, Plaintiff's § 2255 motion is untimely and contradicted by the record. Accordingly, Movant's motion is DENIED. A hearing is not warranted because

7

the record conclusively shows that Movant is not entitled to any relief. Finally, a certificate of appealability shall not issue.

**IT IS SO ORDERED.**

Dated: April 25, 2012         /s/ Greg Kays
                                                                GREG KAYS
                                                                UNITED STATES DISTRICT JUDGE